UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAHMATULLAH SAMADI, | CASE NO. C26-1115-KKE |
| Petitioner(s), | ORDER GRANTING HABEAS PETITION |
| v. | |
| TODD BLANCHE, et al., | |
| Respondent(s). | |

## I.    BACKGROUND

Petitioner Rahmatullah Samadi filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 6.  Petitioner is a citizen of Afghanistan who was persecuted by the Taliban and fled to the United States in June 2023.  Dkt. No. 6 at 6, Dkt. No. 13 ¶¶ 3–4.  Although he was initially processed for expedited removal, his claim of fear in Afghanistan was found credible and he was issued a notice to appear.  Dkt. No. 13 ¶¶ 4–7.  In December 2023, an immigration judge denied his request for asylum, ordered him to be removed to Afghanistan, and also granted his petition for withholding of removal.  Dkt. No. 6-1.  He was released from detention subject to an order of supervision in January 2024.  Dkt. No. 13 ¶ 9.

Petitioner was subsequently re-detained in July 2025 after attempting to enter Canada, and has been detained since that time.  Dkt. No. 13 ¶ 10.  Since then, Petitioner has not been informed

ORDER GRANTING HABEAS PETITION - 1

that the Government[1] will remove him to any other country, although the Government intends to do so in the future. Dkt. No. 13 ¶ 14. As he has now been detained for more than six months, he seeks immediate release and requests that the Court enjoin his removal to a third country without due process. Dkt. No. 6. Petitioner also requests that the Court order that he may not be removed to a third country where he is likely to be imprisoned or punished upon arrival. *Id.* at 27.

For the following reasons, the Court will grant the petition and grant in part Petitioner's request for related injunctive relief.

## II.    ANALYSIS

### A.    Legal Standards

#### 1.  Habeas Jurisdiction

To succeed on a habeas petition, a petitioner must show he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

#### 2.  Legal Framework Governing Detention of Non-Citizens Subject to an Order of Removal

Detention of noncitizens following an order of removal is governed by the INA. "When [a noncitizen] has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the [noncitizen's] removal during a

---

[1] This order refers to the Federal Respondents—Attorney General of the United States Todd Blanche, U.S. Department of Homeland Security Secretary MarkWayne Mullin, U.S. Immigration and Customs Enforcement ("ICE"), and ICE's Acting Seattle Field Office Director Julio Hernandez—generally as "the Government."

ORDER GRANTING HABEAS PETITION - 2

subsequent 90-day statutory 'removal period,' during which time the [noncitizen] normally is held in custody." *Zadvydas*, 533 U.S. at 682. During the 90-day removal period, the Government "shall detain" the noncitizen. 8 U.S.C. § 1231(a)(2)(A). Once the 90-day removal period ends, the Government may continue to detain certain noncitizens. *Id.* § 1231(a)(6). "[A noncitizen] ordered removed who is inadmissible …, removable[,] … or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]" *Id.*

Federal regulations govern the re-detention and revocation of supervised release of a noncitizen with a final order of removal. 8 C.F.R. § 241.13(a). Under 8 C.F.R. § 241.13(i), ICE may revoke a noncitizen's release if (1) if they violate the conditions of their release or (2) if, "on account of changed circumstances," ICE determines there is a significant likelihood the noncitizen will be removed in the reasonably foreseeable future.

However, the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas*, 533 U.S. at 699. "A statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] … [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. Thus, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

In challenging detention through a habeas petition, the petitioner bears the initial burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Once that showing is made, the Government "must respond with evidence sufficient to rebut that showing." *Id.* If the Government

fails to meet its burden, then the noncitizen must be released from detention.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

**B.      Petitioner's Continued Detention Is Unlawful.**

Petitioner is entitled to the protections of the Due Process Clause.  *Zadvydas*, 533 U.S. at 693.  Having been detained for more than six months, Petitioner's detention is not "presumptively reasonable."  *Id.* at 701.  Petitioner has met his burden to show that there is no significant likelihood of removal in the reasonably foreseeable future because he may not be removed to Afghanistan, and no third country has agreed to accept him.  Under these circumstances, Petitioner has satisfied his burden.  *See, e.g.*, *Elshourbagy v. Bondi*, __ F. Supp. 3d __, 2025 WL 3718993, at *4 (W.D. Wash. Dec. 23, 2025).

The burden now shifts to the Government to respond with evidence sufficient to rebut Petitioner's showing.  *Zadvydas*, 533 U.S. at 701.  Here, the Government has not met its burden. Although a deportation officer states that the Government "intends to continue pursuing third country removal" and "believes [that Petitioner's expired Afghan passport] will expedite processing for any future travel document once a country for removal is arranged" (Dkt. No. 13 ¶ 14), a representation that good-faith efforts to effectuate removal continue is insufficient to rebut Petitioner's showing.  *See Zadvydas*, 533 U.S. at 702.

Similarly, that Petitioner has refused to identify countries with which he has ties (Dkt. No. 13 ¶ 17) is insufficient to constitute a rebuttal.  *See, e.g.*, *Pour v. Bondi*, C26-0562 TSZ, 2026 WL 972410, at *2 (W.D. Wash. Apr. 10, 2026) (finding insufficient the Government's attempt to rebut petitioner's showing on the grounds that "he is not cooperating with efforts to remove him to a third country").  As noted in *Pour*, the Government has cited no authority obligating a petitioner to initiate the process by which the Government could remove him to a third country; a different result would be reached if Petitioner refused to comply with the Government's efforts to remove

ORDER GRANTING HABEAS PETITION - 4

him to a country to which he had been ordered removed. *See Pelich v. I.N.S.*, 329 F.3d 1057, 1061 (9th Cir. 2003) (holding that where a petitioner had been ordered removed to Germany or Poland, "an alien cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him" to Poland). Where the Government has failed to identify "any concrete plan for removal to a specific country[,]" the Government improperly characterizes Petitioner's failure to identify or contact additional countries as "obstruction": it is wrongfully "blaming an asylum seeker for not having ties to third, fourth, or fifth countries." *Yukseloglu v. Bondi*, No. C26-467RSM, 2026 WL 617367, at *3 (W.D. Wash. March 5, 2026).

For these reasons, the Court finds that Petitioner is entitled to habeas relief under *Zadvydas*, and the Court will therefore grant his habeas petition.

**C.    The Court Will Grant in Part Petitioner's Requests for Injunctive Relief.**

As noted earlier in this order, Petitioner seeks not only his release from detention but also injunctive relief related to his potential removal to a third country under the Fifth Amendment to the United States Constitution, 8 U.S.C. § 1231, the Convention Against Torture, implementing regulations of the Immigration and Nationality Act, and the Administrative Procedure Act ("APA"). *See* Dkt. No. 6 at 22–24.

The Court will grant some of Petitioner's requested injunctive relief, after addressing its jurisdiction to hear Petitioner's claims.

*1.      Petitioner's Membership in the D.V.D. Class Does Not Deprive the Court of Jurisdiction.*

The Government argues that the Court "should decline to exercise jurisdiction over Petitioner's third country removal claim as a matter of comity" because he is a member of the

ORDER GRANTING HABEAS PETITION - 5

certified plaintiff class in *D.V.D v. Department of Homeland Security*, Civ. A. No. 25-10676 (D. Mass.).  Dkt. No. 11 at 8.

In *Pride v. Correa*, the Ninth Circuit held that, when "the complainant is a member in a class action seeking the same relief[,]" a court "may dismiss those portions of the complaint which duplicate the class action's allegations and prayer for relief."  719 F.3d 1130, 1133 (9th Cir. 2013) (citation modified) (quoting *Crawford v. Bell*, 599 F.2d 890, 892–93 (9th Cir. 1979)).  The Ninth Circuit went on to explain that "a district court may not 'dismiss[] those allegations … which go beyond the allegations and relief prayed for in [the class action]." *Id.* (first and last alterations in original (quoting *Crawford*, 599 F.2d at 893)).

Here, dismissal would be inappropriate because Petitioner's individual claims seek relief he is unable or unlikely to obtain in the *D.V.D.* litigation.  Petitioner's due process claim is not identical to the claims in the *D.V.D.* class action because he seeks a meaningful opportunity to seek withholding of removal in the event he fears persecution in a designated third country—a claim not at issue in *D.V.D.  See Nguyen v. Scott*, 796 F. Supp. 3d 703, 729–30 (W.D. Wash. 2025).  Accordingly, Petitioner's membership in the *D.V.D.* class does not deprive the Court of jurisdiction to adjudicate his claims for individual relief in this habeas action.

    *2.      The Court Will Grant Some of Petitioner's Requests for Injunctive Relief.*

Petitioner also seeks prospective injunctive relief adjacent to his habeas petition seeking protection in the event the Government attempts to remove him to a third country, or if the Government re-detains him.  Dkt. No. 6 at 22–26.  Specifically, he requests an order enjoining the Government from removing him to a third country without notice and a meaningful opportunity to respond, or from re-detaining him without meeting certain conditions.  *Id.* at 22–24, 26.  He also requests an order enjoining the Government from removing him to *any* third country because their

ORDER GRANTING HABEAS PETITION - 6

third-country removal policy seeks to impose unconstitutional punishment on its subjects, including imprisonment and other forms of harm. *Id*. at 25.

Because he invoked its habeas and federal question jurisdiction, the Court could provide equitable relief on those claims if Petitioner met the standard for a permanent injunction. *See* Dkt. No. 6 at 4; *see Roman v. Wolf*, 977 F.3d 935, 941–42 (9th Cir. 2020). Thus, the Court turns to consider the availability of the relief Petitioner requests.

a.    <u>Respondents Must Comply With Federal Regulations if Petitioner is Re-Detained.</u>

Petitioner requests that the Court impose certain requirements on any future re-detention, namely that the Government must provide a pre-detention hearing as well as meet certain specifications in connection with any removal to a third country. Dkt. No. 6 at 26.

The re-detention of a noncitizen subject to a final order of removal is governed by 8 C.F.R. § 241.13. The regulation was "intended to 'provide due process protections to [noncitizens] following the removal period as they are considered for continued detention, release, and then possible revocation of release[.]'" *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1163 (S.D. Cal. 2025) (quoting *Santamaria Orellana v. Baker*, CV 25-1788-TDC, 2025 WL 2444087, at *6 (D. Md. Aug. 25, 2025)). The regulation states, in part, that "[t]he Service may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13. The regulation also provides that, "[u]pon revocation [of an order of supervision], the [noncitizen] will be notified of the reasons for revocation of his or her release," and that there will be "an initial informal interview promptly after his or her return to Service custody to afford the [noncitizen] an

opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3).

Here, the Government does not dispute that 8 C.F.R. § 241.13(i) governs any future revocation of Petitioner's release for the purpose of effectuating Petitioner's removal, and argues that imposing additional conditions including a pre-detention hearing requirement would impermissibly infringe on the Government's ability to effectuate a removal order. Dkt. No. 11 at 13–14. Petitioner does not directly dispute this proposition; his traverse cites cases where a petitioner's release was revoked for other reasons without a final order of removal in place. Dkt. No. 14 at 10–11.

The Court finds that it is appropriate to order at this time that if Petitioner is re-detained after he is released consistent with this order for the purpose of effectuating removal, the Government must provide notice and an opportunity to respond that comports with 8 C.F.R. § 241.13(i). Petitioner has not shown that the Court should, at this time, impose additional requirements on a future re-detention for this purpose.

       b.     <u>The Government Must Comply With the Law In Seeking Petitioner's Removal to a Third Country.</u>

Petitioner also requests an order enjoining the Government from removing him to a third country without notice and a meaningful opportunity to be heard in reopened removal proceedings, and the Government does not explicitly oppose this request. Dkt. No. 11 at 12. The Court will grant Petitioner's request.

Where the Government cannot remove a noncitizen to the country specified in their removal order, it may attempt to remove that person to a third country, but in doing so, it must comply both with the INA, 8 U.S.C. § 1231(b), and the Due Process Clause. *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019); *Kumar v. Wamsley*, __ F. Supp. 3d __, 2025 WL

ORDER GRANTING HABEAS PETITION - 8

3204724, at *2 (W.D. Wash. Nov. 17, 2025) (explaining such designations "are subject to the same mandatory protections that exist in removal proceedings.").  To comply with due process, the Government must provide sufficient notice and a meaningful opportunity for the noncitizen to present any claim of fear of persecution or harm upon removal to a designated third country.  *Id.* The INA prohibits ICE from removing a noncitizen to any country where their "life or freedom would be threatened … because of [their] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  The Government must "make a determination regarding a noncitizen's claim of fear before deporting him."  *Aden*, 409 F. Supp. 3d at 1010; 8 U.S.C. § 1231(b)(3)(A).  Multiple courts in this district have held that, if a noncitizen claims fear of removal to a designated third country, the Government must allow them to pursue withholding of removal through reopened removal proceedings before an immigration judge. *Nguyen*, 796 F. Supp. 3d at 739; *Aden*, 409 F. Supp. 3d at 1011; *Baltodano v. Bondi*, No. C25-1958RSL, 2025 WL 2987766, at *3–4 (W.D. Wash. Oct. 23, 2025).

Consistent with *Aden*, the Court will grant Petitioner's request requiring that the Government may not remove or seek to remove Petitioner without notice of their intent to do so and a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).  *Nguyen,* 796 F. Supp. 3d at 727 ("'[B]oth the due process clause and the governing statute place the burden on the government—regardless of whether the country of deportation is designated during or after the removal hearing—to provide a meaningful opportunity to be heard on asylum and withholding claims.' This cannot be satisfied by simply allowing the noncitizen to file a motion to reopen their removal proceedings; rather, the removal proceedings must be reopened so that a hearing can be held.") (quoting *Aden*, 409 F.Supp.3d at 1010–1011)); *see also Ibarra-Perez v. United States*, 154 F.4th 989, 1000–01 (9th Cir. 2025) (finding that a district court has jurisdiction to consider a due process claim arising from the

ORDER GRANTING HABEAS PETITION - 9

Government's notification of third-country removal after the close of removal proceedings); *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) (explaining that due process requires that a noncitizen be notified of the Government's intent to remove them to a third country "so that they will have the opportunity to prepare and present relevant arguments and evidence").

       c.       <u>The Court Denies Petitioner's Request For an Order Enjoining Removal to Any Third Country.</u>

Petitioner argues that ICE's third-country removal policy is unconstitutionally punitive because it violates his Fifth and Eighth Amendment rights, and he seeks to enjoin the Government from removing him to any third country on that basis. Dkt. No. 6 at 24–25.

As a threshold matter, numerous courts, including this one, have held the Government's third-country removal policy is unconstitutional. *See, e.g.*, *Kumar*, 2025 WL 3204724, at *6; *Nguyen*, 796 F. Supp. 3d at 735 (collecting cases). The Government does not address this growing body of legal authority nor does it dispute the underlying factual allegations supporting it. Instead, the Government argues that Petitioner's challenge is speculative because no third country has been identified here. Dkt. No. 11 at 10–11.

Although the Court stands by its prior conclusion (unrebutted here) that the Government's third-country removal policy violates due process, it nonetheless denies Petitioner's request for a broad injunction against any third-country removal because, on this record, Petitioner has not demonstrated a likelihood of irreparable injury that would entitle him to permanent injunctive relief in the form of the order requested. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (discussing standard for permanent injunctive relief); *cf. Kumar*, 2025 WL 3204724, at *9 (enjoining third-country removal where petitioner was issued a notice that ICE intended to remove him to a third country where he would likely face persecution).

ORDER GRANTING HABEAS PETITION - 10

### III.   CONCLUSION

The Court GRANTS Petitioner's habeas petition.  Dkt. No. 6.

1. The Government is ORDERED to immediately release Petitioner from custody no later than May 1, 2026.

2. The Court ORDERS that any future re-detention for the purpose of effectuating Petitioner's removal order must comply with 8 C.F.R. § 241.13(i).

3. The Court further ORDERS that if the Government continues to pursue removal of Petitioner to a third country, it must provide him with written notice of its intent to do so along with a meaningful opportunity to respond in reopened removal proceedings before an immigration judge under 8 U.S.C. § 1231(b)(3).

4. No later than May 4, 2026, the Government shall file a status report confirming that Petitioner has been released from custody in compliance with this order.

Dated this 30th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING HABEAS PETITION - 11